IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02559-BNB

ROGER SCOTT BLACKBURN,

Applicant,

v.

COLORADO DEPT. OF CORR. EXECUTIVE DIRECTOR,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 05 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Roger Scott Blackburn is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Blackburn initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 4, 2008, Mr. Blackburn filed an amended application pursuant to § 2254 on the Court's current form claiming that the DOC has failed to apply the proper amount of presentence confinement credit to his sentence. On December 5, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Blackburn to file a second amended application using the proper form for an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because he is challenging the execution, and not the validity, of his sentence. On December 22, 2008, Mr. Blackburn filed a second amended habeas corpus application pursuant to § 2241.

In an order filed on January 7, 2009, Magistrate Judge Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses in this action. On January 30, 2009, Respondent filed a Preliminary Response arguing that Mr. Blackburn has not exhausted state remedies. Mr. Blackburn was given an opportunity to file a reply to the Preliminary Response but he has not done so.

The Court must construe the second amended application liberally because Mr. Blackburn is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Blackburn was convicted in the El Paso County, Colorado, District Court in January 2008 pursuant to a guilty plea and he was sentenced to two years in prison and a period of mandatory parole. The mittimus in Mr. Blackburn's criminal case indicates that the sentencing court awarded eighty-five days of presentence confinement credit at the time of sentencing. Mr. Blackburn apparently claims that the DOC has failed to apply the presentence confinement credit awarded by the trial court to his sentence, and has failed to grant an additional 179 days of presentence confinement credit to which Mr. Blackburn believes he is entitled.

Mr. Blackburn must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been

presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Respondent argues that Mr. Blackburn has not exhausted state remedies because his claims regarding presentence confinement credit have not been presented fairly to the state's highest court. Respondent concedes that Mr. Blackburn has filed a postconviction motion in the trial court relevant to presentence confinement credit that was denied on November 17, 2008, and that he filed an original petition for writ of mandamus in the Colorado Supreme Court that was denied on October 27, 2008. However, Respondent contends that Mr. Blackburn has not presented his claims fairly to the state's highest court because he did not appeal from the trial court's November 17 order and the Colorado Supreme Court denied the original petition for writ of mandamus without addressing the merits of the claims being raised.

The Court agrees with Respondent that the postconviction motion Mr. Blackburn filed in the trial court, which was denied on November 17, 2008, does not satisfy the fair presentation requirement. Mr. Blackburn cannot demonstrate exhaustion of state remedies based solely on that postconviction motion because the trial court is not the state's highest court and he did not exhaust his appellate remedies following the trial court's order denying the postconviction motion.

The Court also agrees that the original petition for writ of mandamus filed by Mr. Blackburn in the Colorado Supreme Court does not satisfy the fair presentation

requirement. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Therefore, because the Colorado Supreme Court declined to address the merits of the claims Mr. Blackburn raised in his original petition for writ of mandamus, that petition did not satisfy the fair presentation requirement.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). Furthermore, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Mr. Blackburn fails to demonstrate that he has exhausted all available state remedies and he provides no argument why the instant action should not be dismissed for failure to exhaust state remedies. Therefore, the instant action will be dismissed for failure to exhaust state remedies. Accordingly, it is

ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 5 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02559-BNB

Roger Scott Blackburn
Prisoner No.127949
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

James X. Quinn
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/5/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk