IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02559-ZLW

ROGER SCOTT BLACKBURN,

    Applicant,

v.

COLORADO DEPT. OF CORR. EXECUTIVE DIRECTOR,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 8 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Roger Scott Blackburn has filed *pro se* on March 30, 2009, a "Motion for Reconsideration Before Chief Judge Lewis T. Babcock." Mr. Blackburn apparently seeks reconsideration by a different judge of the Court's Order of Dismissal and the Judgment entered in this action on March 5, 2009. The Court must construe the motion to reconsider liberally because Mr. Blackburn is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

Mr. Blackburn's motion to reconsider, which was filed more than ten days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action without prejudice for failure to exhaust state remedies. Mr. Blackburn does not challenge the Court's determination that he failed to exhaust state remedies in his motion to reconsider. Instead, he alleges with no factual support that he has had a conflict of interest with the undersigned senior district judge since 2005 and that he did not consent to have this case decided by a magistrate judge.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Blackburn fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Blackburn may not select an individual judicial officer that he wishes to have consider his motion to reconsider. Furthermore, his conclusory allegation that he has had a conflict of interest with the undersigned senior district judge since 2005 is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. § 144 or § 455(a). Finally, although Magistrate Judge Boyd N. Boland entered certain orders in this action, Magistrate Judge Boland did not enter the order dismissing the instant action for failure to exhaust state remedies. Therefore, the motion to reconsider will be denied. Accordingly, it is

2

ORDERED that the "Motion for Reconsideration Before Chief Judge Lewis T. Babcock" filed on March 6, 2009, is denied.

DATED at Denver, Colorado, this __7__ day of _____April_____, 2009.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02559-ZLW

Roger Scott Blackburn
Prisoner No. 127949
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

James X. Quinn
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/8/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk